

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

JEFFERY H. SHEPPARD, §
TDCJ No. 1342330, §
§
Petitioner, §
§
v. § Civil Action No. 7:16-cv-00114-O-BP
§
LORIE DAVIS, Director, §
Texas Department of Criminal Justice, §
Correctional Institutions Division, §
§
Respondent. §

### REPORT AND RECOMMENDATION DENYING HABEAS RELIEF

Petitioner Jeffery H. Sheppard, an inmate confined in the Allred Unit of the Texas Department of Criminal Justice in Iowa Park, Texas, brings this action pursuant to 28 U.S.C. § 2254. ECF No. 1. This Petition was referred to the undersigned according to Special Order 3 on September 15, 2016. An order denying habeas relief is a dispositive order to which the undersigned may only make a recommendation to the District Judge. *See McDaniel v. Jones*, 456 F.2d 1254, 1255 (5th Cir. 1972).

Sheppard challenges the validity of disciplinary action no. 20140285978, which was taken against him at the Polunsky Unit in Livingston, Texas for the offense of damage to state property. *See* ECF No. 1 at 5. The disciplinary case resulted in a 45 day restriction of commissary, 15 day cell restriction, and an assessment of damages in the amount of $157.75. *Id.* Sheppard did not lose any previously earned good-time days. *Id.* In support of his petition, he claims that state documents were falsified and that fraud was committed because the monetary damages assessed against him were for a cell door that was never on fire according to video evidence. *Id.* at 6-7. Sheppard's claim

disputing the monetary damages against him is potentially cognizable under 42 U.S.C. § 1983 and was severed from the instant habeas case by Order entered on September 16, 2016. ECF No. 18.

With respect to the remaining claims, Sheppard has failed to state a colorable claim for habeas corpus relief. Inmates generally do not have protected liberty interests in their privileges. *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that a prisoner's liberty interest is "generally limited to freedom from restraint which . . . imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life"). Constitutional concerns could arise where restrictions on privileges represent atypical and significant hardship in relation to the ordinary incidents of prison life. However, temporary restrictions such as those imposed against Sheppard do not raise such concerns.

Sheppard concedes that he is not eligible for mandatory supervised release. *See* ECF No. 1 at 5. Therefore, he had no constitutionally protected liberty interest at stake during the disciplinary proceeding. *See Madison v. Parker*, 104 F.3d 765, 769 (5th Cir. 1997) (holding that the state may create a constitutionally protected liberty interest requiring a higher level of due process where good-time credits are forfeited in a disciplinary action against an inmate eligible for mandatory supervised release). Absent such a liberty interest, due process does not attach to a prison disciplinary action.

For the foregoing reasons, the undersigned RECOMMENDS that the petition for writ of habeas corpus be DENIED.

Signed September 16, 2016.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE